Rosa, Plaintiff and Appellant, *v.* Hernández, Defendant
and Appellant.

Appeal from the District Court of Arecibo in an Action
for Performance of Contract.

No. 2877.—Decided May 7, 1923.

Loan—Mortgage—Purchase and Sale.—There is no principle of law that obliges
a court of justice to adhere strictly to the letter of any writing, however
absolute on its face, conceded by all parties concerned to be simply a con-
venient form of mortgage, or at most a sale with covenant for repurchase,
executed for no other purpose than to secure the payment of money lent.

Id.—Id.—Id.—There being sufficient evidence that the deed whereby the defend-
ant conveyed his property to the plaintiff was not a real sale, but security
for a loan, and there being also evidence that the whole debt was paid,
the plaintiff was adjudged to reconvey the property to the defendant.

The facts are stated in the opinion.
*Mr. L. Mercader* for the plaintiff-appellant.
*Mr. A. Brusi* for the defendant-appellant.

Mr. Justice Hutchison delivered the opinion of the court.

Lucas Rosa, in an action somewhat ambiguously labeled
for ''fulfilment of contract,'' alleged in substance that in
1905 Manuel Hernández and his wife appeared as vendors
conveying to plaintiff for the sum of $500 thirty *cuerdas*
of land described in the complaint; that although the deed
purported an absolute sale, defendant in fact retained the
property upon condition that if within a period of 10 years
he should return to plaintiff the amount with interest at 12
per cent per annum, then plaintiff would reconvey the prop-
erty to him; that defendant continued in the possession
and enjoyment of the land and later applied to plaintiff
for advances for purposes of cultivation, whereupon the
plaintiff opened a current account and furnished money at
12 per cent per annum, crediting defendant during subse-
quent years with various deliveries of coffee; that plaintiff,
after notifying defendant and with his conformity, on
January 22, 1922, liquidated the current account disclosing
a balance in plaintiff's favor amounting to $934.66, which

defendant had not paid in whole or in part, notwithstanding demand made upon him and without giving any legal excuse therefor.

The prayer was for a judgment for $934.66 with interest and costs or, in the event of non-payment thereof, a decree to the effect that the condition of the original agreement as to the real estate not having been fulfilled, defendant had no right thereto, together with a judgment "for the difference of $434.66," interest and costs.

Defendant denied the fixing of a term of 10 years, the expiration thereof, the liquidation of the account, the failure to pay the same, as well as the agricultural advances, and admitted the delivery of coffee "on account of the $500 and interest thereon, the only debt contracted with plaintiff."

Then follows a counter-complaint in terms as follows:

"That the plaintiff expressly agreed with the cross-complainant to deliver to him, upon payment of the sum of $500 and interest, the deed of sale referred to in the second count of the complaint.

"That although the cross-complainant paid to cross-defendant Rosa the $500, his sole indebtedness and interest at the agreed rate of one per cent monthly, and although he made frequent demands upon him for the execution of a deed as agreed upon, the said Rosa has always refused, hoping no doubt, in view of his interest, to acquire the property of thirty acres at a reduced price.

"Wherefore he prays the court to dismiss, the complaint and sustain the cross-complaint, with costs, ordering plaintiff Rosa to execute to the cross-complainant the deed to the said property, because the said cross-defendant has no right to the same and is obligated to do so."

Both plaintiff and defendant appeal from a judgment dismissing the counter-complaint as well as the original actions, for reasons stated thus:

"After hearing the documentary and oral evidence introduced, as well as the deposition presented at the trial, the court is of the opinion that the plaintiff has not shown any failure on the part of the defendant to comply with the contract of purchase and

sale entered into on November 9, 1905, by virtue of which defendant Manuel Hernández Pérez sold by public deed, which is recorded in the registry of property, a property described in the complaint and not identified by the evidence examined, inasmuch as by reason of the recorded deed of sale of the property in question the physical possession thereof appears in the name of the plaintiff, and, therefore, that the grantor complied with the principal obligation to deliver the thing sold, the complaint not alleging specifically the particular facts concerning the non-performance of the defendant grantee; wherefore, the court dismisses the complaint and also the counter-complaint, inasmuch as the same sets up an action which under no legal conception can be considered as related to or derived from or connected in any way with the contract of purchase and sale executed on November 9, 1905, which serves as a basis for the complaint. All without special imposition of costs."

There is no issue raised by the pleadings and no conflict in the evidence as to the true nature of the so-called "sale" in 1905. The theory of the trial judge, as indicated not only by the statement already quoted, but also by the examination of witnesses, seems to be that both the parties and the court are bound by the literal terms of the notarial instrument, notwithstanding the pleadings, a stipulation as to agreed facts and all the evidence pointing conclusively to a simple transaction of money lent upon the execution of a deed absolute in form, but never intended or understood by either of the parties thereto to be more than a mere security for the payment of the debt. But we are aware of no principle of law that obliges a court of justice to adhere strictly to the letter of any writing, however absolute upon its face, when conceded by all parties concerned to be simply a convenient form of mortgage, or at most a sale with covenant for re-sale, executed for no other purpose than to secure the payment of money lent.

There is nothing whatever in the evidence to suggest that the deed was given to secure any obligation other than the promise to pay the sum of $500, together with interest

thereon, or that any lien was ever created upon the property in question to secure any other indebtedness.

There is no conclusive showing as to the existence of any other indebtedness. Certainly there is no very satisfactory or tangible basis on which to rest a judgment for any amount in favor of plaintiff.

Enrique Rosa, a son of the plaintiff, testified in a vague and general way that some months after the original transaction Hernández came to the father and said he needed money and the father made further advances on various occasions and in different amounts; that a document exhibited to witness was an extract of account taken by witness and his father from the booklets and books and signed by the father; that the account, including the $500 and interest and all other advances, amounted to about $936 and some cents; that in 1920 when the account amounted to something over $700 witness called upon defendant, explained the whole matter and demanded payment, that Hernández said he was going to try to sell the property and asked that a statement of the account be sent to him; that it be left with Ramón Mora a merchant in Hatillo, and that the same was handed to Mora to be delivered to Hernández.

The statement exhibited to this witness was not admitted in evidence and the ruling of the court below in this regard is not assigned as error nor criticised in the brief for plaintiff. The action of the court in excluding the paper, therefore, for the purposes of this opinion, may be presumed to have been proper.

Plaintiff testified that some days after the execution of the deed, Hernández applied to him for more money and plaintiff agreed to furnish certain sums from time to time and did so; that the balance due from Hernández is the amount shown by the statement furnished to him during the last election year and has not been paid; that some

payments were made in money and others in coffee; that witness cannot state the amount, more or less, for the reason that his son Enrique was looking after that; that witness does not remember whether or not on some occasions no receipt was given for the payments so made; that witness does not remember how much was paid in cash; that Enrique can state the amount; that witness does not remember the price of coffee in 1906 nor in the subsequent years.

Defendant took the stand and stated that he had never received from plaintiff one cent as agricultural advances, nor for taxes, nor for any other purpose; that from 1906 to 1916 defendant made yearly deliveries of coffee and paid $400 in cash, and that on many occasions no receipt was given.

Receipts were produced by defendant showing the following credits: In 1906—85 bushels, 13 liters of coffee in the husk to be credited in making settlement; in 1907—48 bushels, 11 liters of coffee in the husk to be credited upon determination of its value; in 1908—18 bushels, 2 liters of coffee in the husk to be credited as last aforesaid, 12 bushels 2 liters to be credited upon settlement as above, 2 *fanegas,* 5 bushels, 11 liters of coffee; in 1909—122 bushels of coffee in the husk to be credited upon settlement in 1910—18 bushels, 6 liters of coffee in the husk to be credited upon settlement; in 1911—$100; in 1912—$100; in 1914—484 pounds of coffee in the husk to be credited upon settlement and in 1916—$50.00.

Even though the claim as to additional indebtedness for agricultural advances had been more clearly established, yet in the absence of any indication as to how plaintiff had applied these amounts, defendant would be entitled to insist that they be credited upon the original debt. And, if they be not sufficient to show *prima facie* the extinguishment of the original obligation, then, all things considered, we are inclined to give defendant the benefit of any doubt

as to the truthfulness of his uncontradicted statement as to the payment of other sums for which no receipt was given.

The judgment of the court below, in so far as the dismissal of the counter-complaint is concerned, must be reversed and in lieu thereof the decree of this court that plaintiff re-convey to defendant within 10 days the property in question, with an alternative provision for the proper execution of a deed by the marshal of the district court and cancelation of the entry in the registry of property in the event of failure on the part of plaintiff to comply, should be entered, and the said judgment of the district court, in so far as the dismissal of plaintiff's actions is concerned and in all other respects, should be affirmed.

*Affirmed in part.*

Chief Justice Del Toro and Justices Wolf and Aldrey concurred.

Mr. Justice Franco Soto took no part in the decision of this case.